UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA CLANTON,

                    Plaintiff,                          **DECISION**
v.                                                      **and ORDER**

SCHLEGEL SYSTEMS, INC., SCOTT PAGE,                     05-CV-6456T
BERNIE BAUER, KEN PITTS, ROSS SHERWOOD,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES, AND UNION OF NEEDLETRADES
INDUSTRIAL AND TEXTILE EMPLOYEES (UNITE),

                    Defendants.
_____

## INTRODUCTION

Plaintiff Cynthia Clanton, ("Clanton"), brings this action
pursuant to Title VII of the Civil Rights Act of 1964
("Title VII"), (codified at 42 U.S.C. § 2000(e), et seq.); the
Americans with Disabilities Act,(codified at 29 U.S.C. § 12112 et.
seq.); New York State Human Rights Law, 42 U.S.C. § 1981, the
Thirteenth Amendment to the United States Constitution, and New
York State Labor Law against her former employer, Schlegel Systems,
Inc., ("Schlegel") several individual defendants, and the Union of
Needletrades Industrial and Textile Employees claiming that she was
discriminated against on the basis of her race, gender, and
disability, and that she was retaliated against for complaining of
discrimination. Defendants Schlegel, Scott Page ("Page"), Bernie
Bauer ("Bauer"), Ken Pitts ("Pitts"), and Ross Sherwood
("Sherwood")  move for summary judgment dismissing plaintiff's
claims on grounds that plaintiff has failed to state a prima facie

case of discrimination or retaliation, and that even if plaintiff has stated a prima facie case, she has failed to rebut the defendants' legitimate, non-discriminatory reason for terminating her employment.  For the reasons set forth below, I grant in-part and deny in-part defendants' motion for summary judgment.

BACKGROUND

Plaintiff Cynthia Clanton was hired by defendant Schlegel Systems, Inc., on September 8, 1999 as a material handler. Schlegel is a manufacturer of several products used in building and automotive industries, including weather stripping products.  As a material handler, Clanton assisted machine operators by providing the operators with raw materials and removing finished products from the operators' areas.

Throughout her employment at Schlegel, plaintiff was promoted to the positions of assembler, machine operator technician, and machine operator.  As a machine operator, plaintiff was responsible for operating the industrial machines which produced finished products. Typically, the machines were run by a single operator, and each operator in plaintiff's department, the Urethane Department, rotated between different machines and product lines. According to the plaintiff and several employees or former employees at Schlegel, some machines and lines required more effort to run than other lines.

During her employment at Schlegel, plaintiff reported to Bernie Bauer, her supervisor.  Plaintiff, who is an African-American female, contends that Bauer discriminated against her in a number of ways including scrutinizing her more closely than non-black employees; subjecting her to discipline for infractions while allowing white employees to engage in those infractions; failing to follow established disciplinary procedures; harassing her while she was working by paging her soon after her shift began; assigning her and other black employees to more difficult machines and lines; failing to accommodate her temporary work restrictions while accommodating work restrictions for white employees, and paging her while she was on a bathroom break.  She claims that Bauer did not subject white employees to any negative or harassing behavior.

Although plaintiff complained to her Union of discriminatory treatment towards her by Bauer, the Union, after conducting its own investigation, decided not to file a grievance on her behalf.  In May and September, 2003, plaintiff filed discrimination complaints against Schlegel with the Equal Employment Opportunity Commission, and on October 8, 2003, plaintiff filed a Federal Complaint alleging discrimination with this Court.[1]  According to the plaintiff, she was retaliated against for filing her discrimination complaints.

---

[1] By Order dated December 5, 2005, the October 2003 case was consolidated with the instant case.

In April of 2003, plaintiff took disability leave from Schlegel as a result of a foot injury which occurred at work in July, 2002.  Upon her return to work on August 11, 2003, plaintiff contends that the defendants did not honor the work restrictions imposed on her by her doctor, and as a result, she reaggravated her injury, and was forced to take another week of disability leave. Plaintiff contends that defendants continued to ignore her work restrictions, but that work restrictions imposed on white employees were honored.

Following her return to work in late August, 2003, Clanton experienced several alleged performance related problems with her machines.  According to the plaintiff, the problems were not the result of her performance, but instead were routine problems. Defendants contend that the problems plaintiff experienced were the result of plaintiff's poor work performance.  Clanton was also accused of shutting down her lines early, leaving her post without permission, and insubordination.  On September 5, 2003, Clanton was suspended indefinitely pending an investigation into her alleged poor performance and insubordination.  On October 6, plaintiff was reinstated and placed on final warning.  Thereafter, on January 21, 2004, plaintiff allegedly experienced several line failures, and failed to comply with a direct order to clean up scrap near her worksite.  As a result of her performance deficiencies and insubordination, plaintiff's employment was terminated.

DISCUSSION

I.   Defendants' Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering whether a genuine issue of fact exists for purposes of a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought.  See R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2d Cir. 1997).  It is only if after considering the evidence in the light most favorable to the non-moving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  See Annis v. County of Westchester, 136 F.3d 239 (2d Cir. 1998).[2]

---

[2] Plaintiff, quoting Miles v. New York City Transit Authority, 182 F.3d 900 (2nd Cir. 1999), alleges that "[i]n the context of a motion for summary judgment, 'the court must assume that all allegations in the complaint are true . . . .'" Initially, I note that Miles is an unpublished, summary Order issued prior to January 1, 2007, and as such, citation of that Order is not permitted under the Second Circuit Court of Appeals' Local Rules.  More importantly, however, Miles, does not involve a motion for summary judgment, but instead a motion for judgment on the pleadings.  And while the court must accept the allegations of the complaint as true when considering a motion for judgment on the pleadings, that standard does not apply when considering a motion for summary judgment.

II.   <u>Plaintiff's Title VII Claims</u>

Plaintiff alleges in her Complaint that she was discriminated against on the basis of her race and gender in violation of Title VII of the Civil Rights Act of 1964, which prohibits an employer from  "hir[ing] or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e-2.

Claims of employment discrimination are analyzed under the well-recognized burden shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) and later refined in <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981) and <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993).  Under the <u>McDonnell Douglas</u> test, the plaintiff bears the burden proving a <u>prima</u> <u>facie</u> case of discrimination.  If the plaintiff succeeds in stating a <u>prima</u> <u>facie</u> case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for taking the employment action at issue.  Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but instead were a pretext for discrimination, and that discrimination was the real reason.  See <u>Texas Dep't of Community Affairs v. Burdine</u>, 450

U.S. 248, 252-53 (1981); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502-06 (1993).

    A.   <u>Racial Discrimination</u>

    1.   <u>Plaintiff has stated a prima facie case of race discrimination under Title VII.</u>

To establish a prima facie case for unlawful termination resulting from racial discrimination under Title VII, a plaintiff must establish that she is a member of a protected class, was qualified for the position she held, was discharged, and that the discharge occurred under circumstances giving rise to an inference of discrimination. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Although the Second Circuit Court of Appeals has stated that "the burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the *prima facie* stage is *de minimis*," <u>Tomka v. Seiler Corp.</u>, 66 F.3d at 1308 (internal citations omitted), it has also noted that "[a] jury cannot infer discrimination from thin air." <u>Norton v. Sams Club</u>, 145 F.3d 114 (2nd Cir.), <u>cert.</u> <u>denied</u> 119 S.Ct. 511 (1998).

Clanton has satisfied her burden of establishing a prima facie case. As an African-American, plaintiff is a member of a protected class. She has submitted evidence that she was qualified for the position she held at Schlegel. It is uncontroverted that she was discharged from her employment. Finally, plaintiff has submitted evidence upon which a rational finder of fact could determine that

her discharge occurred under circumstances giving rise to an inference of discrimination. Plaintiff contends that her supervisors discriminated against African-American employees, and has submitted evidence from co-employees corroborating that claim. Accordingly, I find that plaintiff has stated a prima facie case of racial discrimination.

2.   <u>Defendants have set forth a legitimate non-discriminatory reason for terminating plaintiff's employment</u>.

The defendants have asserted that any adverse action taken against the plaintiff resulted from the plaintiff's poor performance and/or her violation of work rules. Such a contention states a legitimate, non-discriminatory reason for terminating the plaintiff's employment.

3.   <u>Plaintiff has rebutted Defendants' legitimate, non-discriminatory reason for terminating the plaintiff's employment.</u>

Once the defendant has stated a legitimate, non-discriminatory reason for taking an adverse action against an employee, the plaintiff bears the burden of demonstrating that the defendant's stated reason for taking the action is pretextual, and that discrimination is the real reason for the adverse action. <u>See Woroski v. Nashua Corp.</u>, 31 F.3d 105, 110 (2nd Cir. 1994)(holding that plaintiff must present "sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false, and that more likely than

not [discrimination] was the real reason for the [employment action]").

I find that plaintiff has submitted sufficient evidence from which a trier of fact could find that discrimination was a motivating factor behind the disciplinary actions taken against her.  Plaintiff has submitted evidence consisting of her own statements and the statements of two co-employees that her supervisors discriminated against black employees.  Former employee Cleveland Hope ("Hope") testified that Scott Page, a Human Resources Manager, treated black employees differently than white employees.  He testified that he routinely denied black employees requests for time off, but granted the time off requests of white employees. (Deposition Transcript of Cleveland Hope at p. 24) Hope testified that Page was "getting blacks fired."  (Deposition Transcript of Cleveland Hope at p. 18).  He testified that defendants subjected black employees to more disciplinary actions than were taken against white employees, and that the actions were often unfair, in that management did not follow the progressive steps of the established disciplinary procedures, and instead imposed unduly harsh disciplinary penalties without first exercising less severe punishments.  (Deposition Transcript of Cleveland Hope at pp. 18, 25-27, 30) He testified that in his opinion, Bernie Bauer harassed the plaintiff at Scott Page's request. (Deposition Transcript of Cleveland Hope at p. 16).

Former employee Yvonne Wilson testified that Bernie Bauer harassed and discriminated against several black women, including herself. (Deposition Transcript of Yvonne Wilson at p. 61-63, 67). She testified that Bauer routinely wrote black employees up for work infractions that other employees did not get written up for. (Deposition Transcript of Yvonne Wilson at p. 63-64). She testified, as did the plaintiff, that Bauer would harass black female employees who needed to use the bathroom by paging them when they were in the bathroom, and that he did not page white employees when they used the bathroom. (Deposition Transcript of Yvonne Wilson at p. 64-65). Wilson testified that Bauer scrutinized and disciplined black employees more severely than white employees. (Deposition Transcript of Yvonne Wilson at p. 65-66).

The evidence submitted by the plaintiff, if believed, could result in a finding that the disciplinary actions to which the plaintiff was subjected resulted from racial discrimination. While the defendants contend that plaintiff was a poor employee, and submit documentary and testimonial evidence to support that claim, the plaintiff has presented competing evidence suggesting that the actions taken against her were motivated by racial discrimination. Accordingly, there are material questions of fact, including the credibility of the competing explanations for the termination of plaintiff's employment, which preclude a grant of summary judgment.

B.    <u>Retaliation Claims</u>

Plaintiff claims that she was retaliated against for filing two administrative complaints alleging discriminatory treatment, a federal complaint alleging discrimination, and generalized complaints of discrimination to her supervisors and Union representatives.  She claims that as a result of the complaints, she was disciplined more severely than white employees, and that as a result of the unfair disciplinary actions taken against her, she was fired from her employment.

To state a claim for retaliation, a plaintiff must prove: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and adverse action.  <u>Holt v. KMI-Continental</u>, 95 F.3d 123, 130 (2d Cir. 1996), <u>cert</u>. <u>denied</u>, 1997 WL 71191 (May 19, 1997).  The defendant then has the opportunity to articulate a non-discriminatory legitimate reason for the employment action and then the burden shifts to the plaintiff to show that the employer's articulated reason is both untrue and a pretext for the true discriminatory motive. <u>Id</u>.

1.    Plaintiff has stated a prima facie case of retaliatory <u>discrimination</u>

In this case, plaintiff has established that she engaged in protected activity known to the defendants by introducing evidence that she filed administrative and federal complaints against Schlegel alleging discrimination, and that her supervisors were

aware of the formal complaints.  She has established that she was
subjected to adverse employment actions including suspension and
termination.   She has further demonstrated that several of the
allegedly discriminatory acts of unfair discipline, scrutiny,
suspension and termination occurred after she complained of
discrimination.   Accordingly, I find that Clanton has stated a
prima facie case of discriminatory retaliation.

     2.   Defendants have stated a legitimate, non-discriminatory
         reason for taking adverse employment action against the
         <u>plaintiff</u>.

The defendants allege that plaintiff was suspended and
ultimately terminated because she was a poor performing employee
who was insubordinate and failed to improve despite being given
several opportunities to do so.   Such a contention states a
legitimate, non-discriminatory reason for terminating the
plaintiff's employment.

     3.   Plaintiff has rebutted the defendants' stated reasons for
         <u>suspending and terminating her employment</u>

To rebut the defendants' stated reason for discharging her,
the plaintiff must submit evidence upon which a rational trier of
fact could determine that discrimination "was more likely than not
. . . the real reason" for plaintiff's discharge."  <u>Woroski v.</u>
<u>Nashua Corp.</u>, 31 F.3d 105, 110 (2nd Cir. 1994).   In this case, the
plaintiff has submitted her own testimony and the testimony of two
other Schlegel employees suggesting that defendant Bauer exhibited
a bias against black employees, and that he unfairly subjected

black employees to unfair harassment and discipline.  Plaintiff has further submitted evidence that Bauer was aware of the complaints, including the EEOC complaints, filed by the plaintiff.   In examining the evidence in the light most favorable to the plaintiff, the allegations that Bauer engaged in discriminatory behavior against the plaintiff after he became aware of her complaints of discrimination, if proven, could form a basis upon which a trier of fact could determine that retaliation was motivating factor for taking adverse action against the plaintiff. Accordingly, I deny defendants' motion for summary judgment with respect to plaintiff's claims of retaliatory discrimination.

     C.   Gender Discrimination Claims

     Title VII provides that prior to bringing an action in federal court based on an alleged violation of that statute, a plaintiff must first file administrative charges against the parties that allegedly discriminated against the plaintiff.  42 U.S.C. § 2000e-5(e)(1).  In the instant case, although the plaintiff did file administrative charges of racial discrimination, she did not make any allegations that she had been discriminated against on the basis of her gender.  Because Clanton failed to raise claims of gender discrimination in her administrative complaint she may not raise such claims in her federal lawsuit unless she can establish that the conduct she complains of is reasonably related to the conduct complained of in the administrative charge.   Holtz v.

<u>Rockefeller & Co., Inc.</u>, 258 F.3d 62, 83 (2nd Cir. 2001).  Conduct may be considered reasonably related where: (1) the conduct complained of in the federal complaint can reasonably be expected to grow out of the administrative claims of discrimination and therefore fall within the administrative investigation; (2) the conduct is retaliatory; or (3) the conduct complained of in the federal complaint is identical to conduct that was alleged in the administrative complaint.  <u>Butts v City of New York Dept. of Hous. Pres. & Dev.</u>, 990 F2d 1397, 1401-1403 (2nd Cir. 1993).  In this case, plaintiff's gender discrimination claims are not sufficiently related to her claims of racial discrimination or retaliation. While this court understands that plaintiff was proceeding <u>pro</u> <u>se</u> during her administrative proceedings, the law nonetheless requires even those who are proceeding without an attorney to specify the basis of their discrimination complaints to allow the investigating agency to make a full and complete investigation of alleged discriminatory practices. Accordingly, I grant defendant's motion to dismiss plaintiff's claims of gender discrimination.

   III. <u>Disability Discrimination Claims</u>

   Plaintiff alleges that she was discriminated against on the basis of a disability: specifically, a foot injury which required her to be off of work for almost three months, and which required temporary accommodation upon her return to work.  "[T]he exhaustion of administrative remedies is a prerequisite to a civil action in

federal court on a claim under the ADA." <u>Paluh v. HSBC Bank USA</u>, 409 F.Supp.2d 178, 196 (W.D.N.Y., 2006) (Foschio, M.J.)(<u>citing Curto v. Edmundson</u>, 392 F.3d 502, 503 (2d Cir.2004). "A plaintiff's failure to exhaust administrative remedies as to an ADA claim renders the district court without jurisdiction over such claims in a civil action in federal court." <u>Paluh</u>, 409 F.Supp.2d at 196 (citing <u>Polera v. Board of Educ. of Newburgh Enlarged City School District</u>, 288 F.3d 478, 480 (2d Cir.2002).

In the instant case, the plaintiff has failed to exhaust her administrative remedies with respect to her claims of disability discrimination. Accordingly, I grant defendants' motion to dismiss plaintiff's disability discrimination claims.

IV.   <u>Plaintiff's Section 1981 Claims</u>

Employment discrimination claims brought pursuant to 42 U.S.C. § 1981 are analyzed under the same standards as claims brought pursuant to Title VII. <u>Choudhury v. Polytechnic Institute of New York</u>, 735 F.2d 38, 43 (2nd Cir. 1984). Accordingly, for the reasons set forth above, I find that plaintiff has stated a prima facie case of employment discrimination pursuant to Section 1981; that the defendants have stated a legitimate, non-discriminatory reason for terminating plaintiff's employment; and that plaintiff has presented evidence suggesting that the defendants' stated reasons are not credible, and that the motivating factor for

plaintiff's termination from employment was racial discrimination. I therefore deny defendants' motion for summary judgment.

While claims of discrimination brought pursuant to Title VII and Section 1981 are analyzed under the same legal standard, one difference between the statutes is that under Section 1981, an individual may be held liable for discriminatory acts.    To establish a claim for individual liability under § 1981, "'a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action.... [P]ersonal liability under section 1981 must be predicated on the actor's personal involvement."  Patterson v. County of Oneida, N.Y., 375 F.3d 206, 229 (2nd Cir. 2004)(quoting Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2nd Cir. 2000).

In this case, while the individual defendants have correctly asserted that they may not be held liable as individuals under Title VII, and while they seek summary judgment on all of plaintiff's claims, they have not specifically addressed the issue of individual liability under Section 1981.  Having thoroughly examined the record, and viewing the evidence in the light most favorable to the plaintiff, I find that a rational jury could find in favor of the plaintiff with respect to her claims against the individual defendants.  Accordingly, I deny defendants' motion for summary judgment with respect to plaintiff's Section 1981 claims against all defendants.

V.    <u>State Law Claims</u>

Plaintiff alleges that she was discriminated against on the basis of her race in violation of the New York Human Rights Law and New York Labor Law. The New York Human Rights Law states in relevant part that:

> It shall be an unlawful discriminatory practice:
> (a) For an employer . . . because of . . . sex . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment.

N.Y. Exec. Law § 296(1)(a). Claims brought under the New York Human Rights Law are analytically identical to claims brought under Title VII. <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708 (2nd Cir. 1996). <u>See Haywood v. Heritage Christian Home, Inc.</u>, 977 F.Supp. 611, 613 (W.D.N.Y. 1997)(Larimer, C.J.)(Noting that both claims are governed by <u>McDonnell Douglas</u> standard.). Accordingly, for the reasons stated above, defendant's motion to dismiss plaintiff's state law racial discrimination claims under the New York Human Rights Law is denied. Defendants' motion to dismiss plaintiff's state law claims as they relate to gender and/or disability discrimination is granted.

With respect to liability of individual defendants for acts of employment discrimination, Subsection six of § 296 of the New York Human Rights Law provides that, "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel

or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6). Pursuant to this subsection, an individual may be held liable for employment discrimination if the plaintiff can establish that the defendants aided, abetted, incited, compelled or coerced the alleged discriminatory acts which the plaintiff complains of, or attempted to do so. I find that plaintiff has stated a claim with respect to her State claims of racial discrimination against the individual defendants, and therefore, I deny defendants' motion to dismiss those claims.


CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is granted in-part, and denied in-part. Defendants' motion to dismiss plaintiff's State and federal gender and disability discrimination claims is granted. Defendants' motion to dismiss plaintiff's Title VII racial discrimination and retaliation claims made against all individual defendants is granted.

Defendant Schlegel's motion to dismiss plaintiff's Title VII and Section 1981 claims of racial discrimination and retaliation is denied. Defendants' motion to dismiss plaintiff's state law claims of racial discrimination and retaliation is denied. The individual defendants' motion to dismiss plaintiff's Section 1981 and New York

State Human Rights Law claims against them as individuals is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
     Michael A. Telesca
United States District Judge

DATED:    Rochester, New York
          April 17, 2007